In the Matter of the Application of FRED G. HANSMANN and Others, Petitioners, for a Peremptory Order of Mandamus against RICHARD W. THOMAS, as Sheriff of Oneida County, Respondent.

Supreme Court, Oneida County, January 24, 1929.

*Edmond J. Fitzgerald*, for the petitioners.

*Michael Yust*, for the respondent.

DOWLING, WILLIAM F., J. In 1925 (chap. 620) the Legislature amended article XIII of the Judiciary Law, relating to sheriffs and constables, by adding thereto section 413, which reads as follows:

" § 413. Court attendants in Oneida county. The sheriff of the county of Oneida by and with the consent and approval of the trial justices of the supreme court of the fifth judicial district and the county judge of Oneida county, respectively, shall appoint and with the consent of said justices and judge may at pleasure remove not to exceed five deputies to be attendants for the supreme and county courts of Oneida county, who shall hold office until removed as herein provided and whose duty it shall be to attend the various terms of such courts held in and for the county of Oneida and act as attendants thereat and perform such other services as shall be required and designated by said trial justices and county judge. They shall have all the powers of constables and shall receive an annual salary to be fixed by the board of supervisors of Oneida county. If at any term of the supreme or county court held in and for the county of Oneida additional attendants shall be necessary, the judge presiding at such term shall certify such fact to the sheriff of Oneida county and the number of additional attendants required and said sheriff shall appoint temporary attendants in the number specified by said judge to attend said term of court."

The foregoing provision went into effect April 11, 1925. At that time John G. Thomas was sheriff of Oneida county. In March, 1926, the trial justices of the Fifth Judicial District and the county judge of Oneida county duly consented to, approved of and recommended the appointment of the petitioners Meiss, Bendix, Colwell and Wharram to be attendants for the Supreme and County

Courts of Oneida county, and duly notified Mr. John G. Thomas, the then sheriff of said county, of their said consent and approval.

Thereupon, and in March, 1926, Sheriff Thomas appointed the said petitioners as attendants for the Supreme and County Courts and as deputy sheriffs of Oneida county. The said petitioners executed bonds to Sheriff Thomas and assumed their duties as provided under the foregoing act. Prior to the date of the appointment of the said petitioners, the board of supervisors of the county of Oneida, by proper resolution, had fixed their salaries as follows: Fred L. Meiss, $1,600 per annum; William Wharram, $1,400 per annum; Carl Bendix, $1,400 per annum; Frank A. Colwell, $1,400 per annum.

The salaries of the said petitioners are payable bi-monthly, on the first and fifteenth of each month, upon certification of the payroll by the sheriff. Sheriff Thomas duly certified the payroll of his department until the expiration of his term, December 31, 1928, and the said petitioners received their salaries to and including said date.

The respondent, Mr. Richard W. Thomas, was elected to the office of sheriff of the county of Oneida in November, 1928. He assumed the office of sheriff January 1, 1929.

On the 26th of November, 1924, the board of supervisors of the county of Oneida, upon the request of the then justices of the Supreme Court of the Fifth Judicial District, adopted the following resolution:

" *Resolved*, That the Sheriff of Oneida County be and he hereby is directed to appoint upon the recommendation of a majority of the Trial Justices of the Supreme Court of the 5th Judicial District and upon the consent and recommendation of majority of said justices to remove, one Deputy to be an attendant for the Supreme and County Courts of Oneida County, whose duty it shall be to attend the various terms of such Courts held in and for the County of Oneida, and to act as an attendant thereat and to have charge of and be in command of the other attendants at said terms and to perform such other services as shall be required and designated by said Trial Justices and when not so engaged and when his services shall not be required as a Court Attendant or by the Trial Justices of the Supreme Court, said Deputy shall perform such services as may be required of him by said Sheriff, such Deputy shall receive an annual salary to be hereafter fixed by this Board and when so appointed said Deputy shall continue in office until removed as hereinbefore provided."

Thereafter and on November 30 and December 1, 1924, the then justices of the Supreme Court of the Fifth Judicial District,

pursuant to said resolution, recommended the petitioner Fred G. Hansmann for appointment as attendant, in charge of attendants for the Supreme and County Courts of Oneida county. Upon receipt of said consent and recommendation and on December 6, 1924, the petitioner Fred L. Meiss, who was then sheriff of Oneida county, duly appointed petitioner Fred G. Hansmann as attendant in charge of attendants of the Supreme and County Courts of Oneida county, and as a deputy sheriff of said county. Petitioner Hansmann executed a bond to Sheriff Thomas, and assumed his duties as such attendant and deputy sheriff. Petitioner Hansmann was never appointed an attendant and deputy sheriff under section 413 of the Judiciary Law.

The petitioners have been in the regular discharge of their duties since the 1st of January, 1929. On the 15th of January, 1929, the respondent, as sheriff of Oneida county, refused to certify the names of the petitioners herein to the public payroll, upon the ground that under section 413 of the Judiciary Law, and the said resolution of the board of supervisors, it was the duty of the trial justices of the Fifth Judicial District and the county judge of Oneida county, in the case of those of the petitioners who were appointed pursuant to section 413 of the Judiciary Law, and a majority of the trial justices of the Fifth Judicial District, in the case of petitioner Hansmann, to consent to, approve of and recommend to the respondent, as sheriff of the county of Oneida, the names of the petitioners or their successors for appointment, by him, as attendants upon the Supreme and County Courts of the county of Oneida and as deputy sheriffs of said county, and the respondent submits that he is ready and willing to appoint such persons as attendants and deputies as said justices and the county judge of Oneida county recommend to him for appointment.

The contention of the respondent brings up for construction section 413 of the Judiciary Law and the said resolution of the board of supervisors of the county of Oneida.

Let us first consider section 413 of the Judiciary Law. The intention of the Legislature in enacting said section was to enable the said judges to recommend for appointment not more than five men qualified to act as attendants upon the Supreme and County Courts for the county of Oneida, giving to each attendant the powers exercised by constables. To insure the selection of men qualified to be attendants upon said courts, the Legislature limited the power of the sheriff to appointing only those having the consent, approval and recommendation of said judges. In placing this limitation upon the sheriff, the Legislature had in mind that the trial justices of the Fifth Judicial District and the county judge

of Oneida county were better qualified, on account of being actively engaged in the work of said courts, than the sheriff, to determine the qualifications of those seeking appointments to said positions.

The said act makes it mandatory upon the sheriff to appoint those recommended by said judges and limits his power of removal except with the unanimous consent of said judges.

The appointees are given the powers of constables that they may maintain order in the court and enforce its mandates, thereby relieving the sheriff of the necessity of assigning his regular deputies or summoning constables to perform that duty, as he is required to do under the law. This is some compensation to him for having to appoint men whom he cannot personally select.

The learned counsel for the respondent contends that it is incumbent upon the trial justices of the Fifth Judicial District and the county judge of Oneida county to consent to, approve of and recommend to each incoming sheriff the names of persons to be appointed pursuant to said statute. He further contends that the respondent has no right to certify petitioners to the payroll until such consent, approval and recommendation are in his hands and until he shall have appointed in accordance therewith. This contention is in direct conflict with the plain provisions of said section. It was not the intention of the Legislature to impose upon the said judges the burden of having to convene every three years to consent to, approve of and recommend for appointment to each incoming sheriff the names of attendants who had been appointed theretofore. If this were the case, the whole purpose of the act could be thwarted by any of the said judges refusing to consent to, approve of or recommend any or all of the incumbents, regardless of their qualifications, length of service or of their value to the courts in the discharge of their duties. The Legislature sought to protect the courts not only against the possible caprice of sheriffs, but also against the possible caprice of any of the said judges by enabling the sheriff to remove an attendant only upon the consent and recommendation of all of said judges. In view of the fact that said attendants hold office until removed it is the duty of every sheriff to continue their names upon the payroll of his office and to certify such payroll bi-monthly. Counsel for respondent contends that section 9 of the Public Officers Law makes it incumbent upon the respondent to appoint every *deputy* serving in his department. With this contention the court has no quarrel for the reason that said section 413 does not require that the persons appointed as attendants shall also be appointed deputy sheriffs. The sheriff discharges his full duty, under said act, when he appoints attendants. If he goes farther and appoints such

attendants as deputies in his department he proceeds entirely on his own responsibility. Sheriff John G. Thomas acted on his own responsibility when he appointed petitioners Meiss, Bendix, Colwell and Wharram as deputy sheriffs. The title to said section 413 relates to "Court attendants in Oneida county." The word "deputies" means persons deputed to act as court attendants, not to act as deputy sheriffs. When this statute is read in connection with the said resolution of the board of supervisors creating the position of chief court attendant, the meaning is clear. The persons appointed under section 413 are deputy court attendants.

The Legislature, by enacting section 413, created the office of court attendant in Oneida county and gave to the incumbents thereof an indefinite tenure dependent upon the will of the trial justices of the Fifth Judicial District and the Oneida county judge.

Petitioners Meiss, Bendix, Colwell and Wharram, upon their appointment by Sheriff John G. Thomas, executed to him, for his protection, bonds of certain surety companies, the premiums of which were paid by the county of Oneida. It is unnecessary that said petitioners be deputy sheriffs and, therefore, unnecessary that they should give a bond to the sheriff for his protection. The said petitioners are public officers and have the status of such under said act. I am inclined to think that under the circumstances surrounding the selection and appointment of the petitioners as attendants upon the court the sheriff would not be liable for any tortious acts committed by said petitioners or any of them.

Under the common law it was necessary for the sheriff to summon two constables to serve as attendants upon sessions of the court. They were required to be constables in order that they might have the power requisite to preserve order in the court and to enforce the mandates of the court. The Legislature conferred upon the attendants to be appointed "under said section 413" the power of constables in order that they might have power to maintain order in the court and to enforce its mandates.

The said justices and county judge may require said petitioners, when not in attendance upon the courts, to perform such other services as they may designate. Under this provision of the said statute, the said justices and county judge might require the said petitioners to assist the sheriff, upon his request, in the discharge of the duties of his office. Even then they would not be required to give a bond to the sheriff unless the sheriff required it for his own protection. Likewise, the said petitioners might be assigned to duty in any other department of the county government or to assist any other county officer in the discharge of the duties of his office. The said statute does not require said petitioners to

give a bond to the sheriff or to any other county officer, nor does it empower or direct the county to pay the premiums upon bonds if such be given.

The resolution of the board of supervisors appointing petitioner Hansmann differs somewhat from said section 413 of the Judiciary Law. That resolution provides that the sheriff of Oneida county " is directed to appoint upon the recommendation of a majority of the trial justices of the Supreme Court of the 5th Judicial District and upon the consent and recommendation of a majority of said justices to remove, one deputy to be an attendant for the Supreme and County Courts of Oneida County." The appointment of petitioner Hansmann was duly made under the foregoing section. He holds office thereunder and cannot be removed by the sheriff of Oneida county except upon the consent and recommendation of a majority of the trial justices of the Fifth Judicial District. Sheriff Meiss having appointed him pursuant to the said resolution, petitioner Hansmann thereupon became an attendant in charge of attendants of the Supreme and County Courts of Oneida county, and a deputy sheriff in the office of the sheriff of Oneida county. His appointment to said position continues in full force and effect and is not dependent upon reappointment by any incoming sheriff, and it is not necessary for a majority of the trial judges of the Fifth Judicial District to recommend the appointment of petitioner Hansmann to the respondent, nor is it necessary for the respondent to reappoint said Hansmann as a deputy sheriff in his office.

The resolution pursuant to which petitioner Hansmann was appointed does not require him to give a bond to the sheriff. Although the petitioner Hansmann is not a public officer as are the other petitioners, nevertheless, I am of the opinion that the sheriff would not be liable for any tortious act committed by him while attending sessions of the courts in Oneida county any more than he would be liable for the tortious acts of the other petitioners. Under the wording of the said resolution, the petitioner Hansmann, when not engaged in the discharge of his duties as chief court attendant or duties assigned to him by the trial justices, is required to perform such services as might be required of him by the sheriff of Oneida county. If the sheriff should call upon him to assist in the discharge of the duties of the sheriff's office, the sheriff might require him to give a bond for the protection of the sheriff. The said resolution does not require the said Hansmann to give a bond, nor does it obligate the county to pay the premium upon any bond that he might be required by the sheriff to give.

In view of the fact that the petitioner Hansmann cannot be

removed from his position by the sheriff except by consent of a majority of the trial justices of the Fifth Judicial District, it is the duty of every sheriff to continue his name upon the payroll of the sheriff's office and to certify such payroll bi-monthly.

Unlike the other petitioners, petitioner Hansmann must be a deputy sheriff of Oneida county, in order that he may properly act as an attendant upon said courts.

The board of supervisors of the county of Oneida have fixed the compensation of said petitioner Hansmann at $2,500 per year to be paid bi-monthly on the first and fifteenth days of each month.

The respondent is not to be criticised for having refused to certify the said payroll. The respondent is perfectly within his rights in asking for a judicial determination of his duties under said section and said resolution.

There being no facts in dispute, the petitioners are entitled to a peremptory order of mandamus directing the respondent, as sheriff of the county of Oneida, to certify them for his January 15, 1929, payroll, as persons whose names appear on his payroll, entitled to the salary earned by them respectively from January 1 to January 15, 1929, inclusive.

Ordered accordingly, without costs.